**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1215-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TIMOTHY J. LADD, a/k/a
TIM J. LADD,

    Defendant-Appellant.

_____

        Submitted March 9, 2017 — Decided August 31, 2017

        Before Judges Hoffman and O'Connor.

        On appeal from Superior Court of New Jersey,
        Law Division, Ocean County, Indictment No.
        11-06-1019.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Alan I. Smith, Designated
        Counsel, on the brief).

        Joseph D. Coronato, Ocean County Prosecutor,
        attorney for respondent (Roberta DiBiase,
        Senior Assistant Prosecutor, on the brief;
        Samuel Marzarella, Chief Appellant Attorney,
        of counsel).

PER CURIAM

Defendant appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

In October 2011, defendant pled guilty to first-degree robbery, N.J.S.A. 2C:15-1, and, in December 2011, was sentenced to a twelve-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. He did not file a direct appeal.

The facts underlying the plea were as follows. Defendant entered a pharmacy and, while the pharmacist was removing a bottle of Oxycodone from the safe, climbed over the counter, wielded a knife, and grabbed the bottle. As he ran for the exit, an employee was able to physically detain defendant until the police arrived. The incident was recorded on a surveillance tape.

In September 2014, defendant filed a petition for PCR as a self-represented litigant. He attested that, at the time of the incident, he was experiencing withdrawal symptoms from "prescribed medication," which altered his mental capacity. When before the PCR court, PCR counsel argued plea counsel had been ineffective for failing to advance the argument of intoxication or diminished capacity at the time of the incident. Defendant contended had this argument been made during plea

2

negotiations, he would have secured a more favorable plea agreement.

In addition, defendant contended plea counsel failed to argue during sentencing the existence of mitigating factors one, N.J.S.A. 2C:44-1(b)(1) (defendant's conduct neither caused nor threatened serious harm), and four, N.J.S.A. 2C:44-1(b)(4) (there were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense).  As to the latter factor, defendant maintained his addiction to substances caused his criminal conduct.  Defendant argued had plea counsel advocated these mitigating factors applied, his sentence would have been lower.

On October 15, 2015, the PCR court entered an order denying defendant's petition.

Defendant presents the following issues for our consideration:

> POINT I — THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED AND THE MATTER REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL.

> POINT II — THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED BECAUSE IT VIOLATED DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

POINT III — THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED BECAUSE, REGARDLESS OF WHETHER TRIAL COUNSEL WAS INEFFECTIVE UNDER THE STRICKLAND TEST, DEFENDANT'S FOURTEENTH AMENDMENT DUE PROCESS RIGHT UNDER THE NEW JERSEY CODE OF CRIMINAL JUSTICE TO HAVE ALL MITIGATING FACTORS DELINEATED AT SENTENCING WAS VIOLATED.

Defendant reprises the same arguments on appeal as he did before the PCR court. We are not persuaded by them and affirm.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing that: (1) counsel's performance was deficient and he or she made errors so egregious counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698. When a defendant has pled guilty, the second prong

4

requires the defendant show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty but would have insisted on going to trial." State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

As for defendant's claim there was a viable defense of diminished capacity, this particular defense requires evidence the defendant suffered from a mental disease or defect that precluded him from having the requisite state of mind that is an element of the offense. N.J.S.A. 2C:4-2. This defense mandates the defendant present "evidence of a mental disease or defect that interferes with [his] cognitive ability sufficient to prevent or interfere with the formation of the requisite intent or mens rea," State v. Galloway, 133 N.J. 631, 647 (1993), and "that a connection is necessary between that mental disease or defect and the defendant's ability to form the required mental state for the crime charged." State v. Reyes, 140 N.J. 344, 364 (1995). Defendant has not proffered any evidence he suffered from diminished capacity at the time he committed the robbery.

Intoxication, including drug-induced intoxication, "does not, in itself, constitute mental disease within the meaning of" N.J.S.A. 2C:4-2. N.J.S.A. 2C:2-8(c). However, voluntary intoxication can provide a defense if the intoxication was

5

sufficient to cause a "prostration of faculties," meaning the intoxication must be of an "extremely high level," rendering the defendant incapable of forming an intent to commit the crime. State v. Cameron, 104 N.J. 42, 54 (1986).

Here, defendant is not claiming he was intoxicated during the commission of the offense. In fact, he claims he was withdrawing from a substance, and his symptoms of withdrawal caused him to commit the crime. Accordingly, there is no basis plea counsel was ineffective for failing to advocate he was under the influence of any substances during the incident.

Finally, we note that, during sentencing, in her effort to obtain as low a sentence as possible, plea counsel did argue mitigating factors one and four applied. She stated:

> [S]ince you have the benefit of the presentence report, you understand Mr. Ladd's background. He comes from a bad childhood. It was rampant with abuse, all sorts of abuse. He was in foster homes. He had juvenile issues, but never a drug issue as a juvenile.
>
> His drug issue began when he was seriously injured during a work-related accident. . . . Doctor prescribed Oxycodone, doctor prescribes Percocets. And, unfortunately, some people become addicted. . . .
>
> And once you are addicted to the drug, then that's going to lead to either your death or your criminal activity. In Mr. Ladd's case, it did lead to his criminal activity. . . .

6

Your Honor is familiar with the facts of
this case.  On paper, it looks really bad.
He walks into a drug store wielding a knife,
jumps over a counter. . . . [Y]ou see the
victim's statement[.]  I don't think at
anytime did the victim believe that the
intended victim was really him.  I think he
believed my client just wanted the drugs.

He didn't want to hurt the pharmacist.  He
wanted the drugs. . . .

Again, we have to decide is he a violent man
or is he a drug-addicted desperate man?  I
would go with the desperation is what caused
the criminal activity, not a violent
criminal.

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of plea counsel within the <u>Strickland-Fritz</u> test.  Defendant failed to present any evidence he had a viable diminished capacity defense, and there is no evidence he was under the influence of any substance at the time of the offence. He faults counsel for not presenting reasons why mitigating factors one and four applied, when in fact she did so. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted.  <u>See</u> <u>State v. Preciose</u>, 129 <u>N.J.</u> 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

7